IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZORAIDA GONZALEZ-MORALES<br>Plaintiff<br><br>Vs.<br><br>PRESBYTERIAN COMMUNITY HOSPITAL, INC; DR. RAUL VALE-FLORES, his wife JANE DOE, and the conjugal partnership constituted between them; DR. LOPE M. GÓMEZ-HORMAZABAL, his wife KAREN DOE, and the conjugal partnership constituted between them; DR. JOSE DUEÑO-QUIÑONES; DR. ROSANGEL SANTIAGO-PEREZ, his wife ROSE DOE, and the conjugal partnership constituted between them<br><br>Defendants | Civil No.: 13-1906<br><br>Medical Malpractice<br>Damages & EMTALA Violation<br><br>Plaintiffs Demand Trial By Jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff through her undersigned attorney and very respectfully **STATES, ALLEGES AND PRAYS:**

**I. JURISDICTION AND VENUE**

1.1   The federal law claims herein contained are made pursuant to 28 U.S.C. § 1331 under the Emergency Medical Treatment and Labor Act, contained in 42 U.S.C. §1395dd, also known as *EMTALA*, and pursuant to 28 U.S.C. §1367(a).

1.2   This Court has supplemental jurisdiction over all causes of action arising under the Constitution and laws of the Commonwealth of Puerto Rico, specifically 31 L.P.R.A. 5141 and 5142, and 31 L.P.R.A. § 3142, as established by 42 U.S.C.A. § 1395dd, and by 42 U.S.C.A. § 1367(a) inasmuch as all claims stem from the same nucleus of operative facts.

1.3     In accordance with the provisions of 28 U.S.C.A. § 1332, the Plaintiffs demand trial by jury.

1.4     Defendant hospital and emergency room are covered entities under EMTALA, 42 U.S.C. §1395dd.

1.5     The statute of limitation was tolled against the named defendants by means of extrajudicial claims that were personally delivered.

1.6     Venue over this action properly lies in this Honorable Court pursuant to 28 U.S.C. § 1391 and all of the causes for this action took place in this judicial district.

1.7     Plaintiff Zoraida González-Morales brings a cause of action against the Presbyterian Community Hospital, Inc. that arises under the provisions of the Emergency Medical Treatment and Active Labor Act ("EMTALA") 42 USC §1395 (1994) (Amended 1997), as to which they invoke federal question jurisdiction pursuant to 28 U.S.C. sec. 1331, and supplemental jurisdiction under 28 U.S.C. sec. 1367, over the claims arising under Puerto Rico law against the Presbyterian Community Hospital, Inc. and codefendants Dr. Raul Vale-Flores, his wife JANE DOE, and the conjugal partnership constituted between them; Dr. Lope M. Gómez-Homrazabal, his wife KAREN DOE, and the conjugal partnership constituted between them; DR. Jose Dueño-Quiñones, his wife MARY DOE, and the conjugal partnership constituted between them and Dr. Rosangel Santiago-Perez, his wife ROSE DOE, and the conjugal partnership constituted between them inasmuch as these claims are related to the EMTALA claim, and form part of the same case or controversy under Article III of the United States Constitution.

## II. THE PARTIES

2.1 At all material times hereto, Plaintiff Zoraida González-Morales is a resident of the Commonwealth of Puerto Rico, of legal age, single, unemployed, and receiving benefits from the Social Security Administration. Her current address is at Villa Asturias Urb. #2920 altos, 32 Street, Carolina, Puerto Rico 0098.

2.2 Upon information and belief, codefendant Presbyterian Community Hospital, Inc. is an entity duly organized in accordance with the laws of the Commonwealth of Puerto Rico and is a Medicare participating facility which owns and/or operates emergency departments at its facilities in 1451 Ashford Avenue, Santurce, Puerto Rico.

2.3 Codefendant, Dr. Raul Vale-Flores, his wife and the conjugal partnership formed between them are citizens of the Commonwealth of Puerto Rico. Dr. Vale is the emergency room physician who provided treatment to Zoraida González during the month of December, 2011 at the emergency room of the Presbyterian Community Hospital, Inc.

2.4 Codefendant, Dr. Lope M. Gómez-Hormazabal, his wife and the conjugal partnership formed between them are citizens of the Commonwealth of Puerto Rico. Dr. Gomez is the emergency room physician who provided treatment to Zoraida González during the month of December, 2011 at the emergency room of the Presbyterian Community Hospital, Inc.

2.5 Codefendant, Dr. José R. Dueño-Quiñones is a citizen of the Commonwealth of Puerto Rico. Dr. Dueño is the emergency room physician who provided treatment to Zoraida González during the month of December, 2011 at the emergency room of the Presbyterian Community Hospital, Inc.

2.6 Codefendant, Dr. Rosangel Santiago-Pérez, his wife and the conjugal partnership formed between them are citizens of the Commonwealth of Puerto Rico. Dr. Santiago is the

emergency room physician who provided treatment to Zoraida González during the month of December, 2011 at the emergency room of the Presbyterian Community Hospital, Inc.

### III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1     On December 15th, 2011 Plaintiff Zoraida González-Morales (hereinafter "Zoraida"), a beneficiary of the State's Health Insurance plan or (Triple-S Reforma), was taken to the Emergency Room of Codefendant Presbyterian Community Hospital, Inc. (hereinafter "Presbyterian Hospital").

3.2     Mrs. Gonález arrived complaining of acute muscle pain and shivers stemming in her right hip from an insect bite.

3.3     Plaintiff was evaluated by Dr. Gómez-Hornazabal (hereinafter "Dr. Gómez") who prescribed antibiotics to be administered through an IV and some pain medication.

3.4     The lab results evidenced temperature of 38.1C, blood pressure of 18/71, Heart rate of 105 and a respiratory rate of 20.

3.5     Mrs. González complained of a burning sensation located specifically in her left arm and elbow where the insect had bitten her.

3.6     In the early hours of December 16th, 2011, Plaintiff was discharged from Ashford and prescribed both antibiotic and pain medication.

3.7     Plaintiff was never admitted to the Hospital during her December 15th-16[th] visit.

3.8     Although local pain had subsided, and prior to her discharge, Plaintiff complained to Dr. Gómez that she had much difficulty walking.

3.9     The hospital's physicians did not provide the appropriate medical screening that it gave to other patients with substantially similar symptoms, nor did it provide the stabilizing treatment required by its very own applicable protocols.

3.10    On December 17th, 2011, Plaintiff returns to Ashford with severe pain located on her right hip, diarrhea, and epigastric pain.

3.11    Mrs. González was evaluated by Codefendant Dr. Rosangel Santiago-Pérez (Hereinafter "Dr. Santiago"), who ordered laboratories and x-rays.

3.12    Plaintiff's vital signs were temperature of 38.9C, Blood Pressure of 131/75, Heart Rate of 100 and Respiratory Rate of 18.  Moreover, Mrs. González presented abnormal potassium levels of 2.8, which were later repeated and still reflected abnormal values.

3.13    Dr. Santiago's shift ended on or about midnight of December 18th, 2011 and, as such, Plaintiff's treatment was referred to Dr. José R. Dueño-Quiñones (Hereinafter "Dr. Dueño").

3.14    After an initial interview by Dr. Dueño, Plaintiff continued to complain of severe pain, yet was once again discharged from the Hospital, without ever having been admitted.

3.15    During this second discharge, the hospital's physicians did not provide the appropriate medical screening that it gave to other patients with substantially similar symptoms, nor did it provide the stabilizing treatment required by its very own applicable protocols.

3.16    On December 19th, 2011, Mrs. González was transported via ambulance to University of Puerto Rico Medical Center in Carolina, Puerto Rico where she was treated for the same right hip pain which worsened with movement, and for which she had already gone twice to the Presbyterian Hospital.

3.17    When the Plaintiff was evaluated by the medical personnel of said institution, she was referred to a physiatrist to assist her in recuperating the loss of movement and the acute pain in her left hip, which had not subsided.

3.18    On December 22nd, 2011, Plaintiff once again returns to the Ashford Presbyterian Hospital.

3.19    At this point in time, she was evaluated by Dr. Raul Vale Flores (hereinafter "Dr. Vale") who diagnosed right hip bursitis and ordered Toradol 60mg.

3.20    Plaintiff's vital signs were: temperature 38.4C, Blood Pressure of 140/69, Heart Rate of 106 and Respiratory Rate of 21.

3.21    For the third consecutive occasion, Plaintiff was discharged home and not admitted to the Ashford Presbyterian Hospital.  During this third discharge, the hospital's physicians did not provide the appropriate medical screening that it gave to other patients with substantially similar symptoms, nor did it provide the stabilizing treatment required by its very own applicable protocols.

3.22    During the second week of January, the Plaintiff continued with her pain in her right hip.

3.23    Her Physiatrist, Dr. Olga Bermudez, orders a bone scan and labs which reflect right sacroilitis and an arthritic process in the rest of the joints.

3.24    Mrs. Gonzalez is evaluated at the Emergency Room of the University of Puerto Rico Medical Center in Carolina, whereupon she is referred to the Centro Médico for an evaluation by an orthopedic surgeon due to suspected septic arthritis.

3.25    A CT of the abdomen with contrast was done on February 8th, 2012, which reflected destruction and widening of the right SI joint with imaging finding of septic arthritis.

3.26    The lack of an adequate screening by part of the medical personnel of the Presbyterian Hospital directly contributed to a failure to reasonably ascertain and identify a critical medical condition.

3.27    Moreover, the lack of an adequate screening by part of the medical personnel of the Presbyterian Hospital led to three premature discharges of Mrs. González and a delay in providing her with IV Antibiotics and further evaluation which, in turn, resulted in a partially treated infection.  As such, the infection spread and caused a septic arthritis that resulted in the destruction of her right hip bone.

3.28    Mrs. González was the victim of multiple violations of hospital protocols, both as to assessment, screening, monitoring, treatment and stabilization of patients with her symptoms and emergency medical condition.

3.29    Mrs. González was also the victim of multiple violations of the standards of medical care by the physicians and personnel of the Presbyterian Hospital.

3.30    All codefendants are jointly and severally liable to plaintiff under articles 1802 and 1803 of the Puerto Rico Civil Code for their torts and negligent acts and omissions, which departed from the standards of medical care and treatment recognized as adequate by the medical profession in light of the modern means of instruction, education and communication, and directly caused and/or contributed to Mrs. González's damages. The conjugal partnerships of any and all codefendants are also liable inasmuch as they benefited from the respective actions of each of the physicians.

3.31    The medical treatment given to the plaintiff during her three visits at the Presbyterian Hospital was one of evident apathy and disregard for her well being and of abandonment on the part of the physicians and the hospital personnel; there was a lack of monitoring, negligent, inadequate, inappropriate and disparate screening and treatment as well as lack of analysis and evaluation of her conditions, thus inhibiting and/or eliminating any possibility of recovery and causing a septic arthritis that should have been identified at the outset.

The Hospital's multiple departures from its own protocols and from the standards of medical care, amounted to violations of Emtala provisions and Articles 1802 and 1803 of the Civil code of Puerto Rico.

3.32    Plaintiff still lacks complete medical records and protocols and therefore does not have full knowledge of all the facts relevant to the medical malpractice, nor to the Emtala violations which caused the damages suffered.

3.33    Each of the individual physicians were grossly negligent in the treatment afforded to Mrs. González and/or lack thereof; to wit, failure to diagnose and implement corrective treatment in a timely manner; failure to order medications which were indicated and necessary for the treatment of Mrs. González's condition; failure to order and/or follow up on adequate diagnostic tests; failure to admit the patient into the institution for proper evaluation; failure to procure for the patient the attention of specialists or especially trained personnel for her condition which was out of control and showed continued deterioration.  These negligent acts, errors and omissions directly caused and/or contributed to the damages, deterioration and ultimate physical outcome of the Plaintiff.

3.34    Co-defendant Presbyterian Hospital is also liable for the negligent and inadequate medical treatment given to the patient by its medical and paramedical personnel, including the individual codefendant physicians.  The negligent acts, errors and omissions of its medical, technical, administrative and paramedical personnel directly caused and/or contributed to the damages, deterioration and physical outcome of Mrs. González.

3.35    Moreover, the Co-defendant Hospital is also liable to the plaintiff for the acts and omissions which resulted in violations of the EMTALA provisions by all codefendants which

directly caused and or contributed to the damages, deterioration and physical outcome of Mrs. González.

3.36    Plaintiff's damages were directly caused by the violations to EMTALA provisions and/ or all codefendants' negligent acts, errors and omissions.

3.37    As a direct consequence of the violations to EMTALA and defendants' negligence herein described the Plaintiff has suffered enormous physical damages and emotional anguishes, loss of enjoyment of life, psychological injuries and severe depression.  She requests as compensation a sum of not less than one million dollars ($1,000,000.00) dollars.

3.38    Moreover, as a result of and as a direct result of the violation to EMTALA, and defendant's negligence herein described, the Plaintiff has been incapacitated by the social security administration.  Plaintiff is no longer able to work, and seeks redress for the loss of income, or *lucro cesante*, and economic damages in an amount no less than $500,000.00.

3.39    Moreover, the Plaintiff seeks special damages for any and all medical expenses incurred by her, as well as future medical expeneses, that derive from the acts and/or omissions alleged herein.  Said damages are calculated in an amount no less than $100,000.00. Also, Plaintiff claims, under the collateral source doctrine, to recover medical expenses that have been and will be covered by her medical insurer.  These expenses, in turn, are calculated in an amount no less than $250,000.00

3.40    All of the above named defendants, herein, are jointly and severely liable to plaintiff for the actions and/or omissions alleged in this Complaint and which may also arise from the pending discovery.

**WHEREFORE**, it is respectfully requested from this honorable court to:

1. Grant a judgment against co-defendants for the sums herein requested together with pre-judgment interests, costs and reasonable attorney's fees.

2. Grant plaintiff such other relief, as it may deem proper and necessary under the circumstances.

3. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff also hereby request a trial by jury in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11th day of December, 2013.

**GONZÁLEZ & MARTÍNEZ**
1509 Lopez Landron 7th Floor
San Juan, P.R. 00911
Tel.: (787) 274-7404
Fax: (787) 767-3175
e-mail: jmartinez@fgm-law.com


**S/JUAN M MARTÍNEZ NEVÁREZ**
**JUAN M MARTÍNEZ NEVÁREZ**
USDC-PR 221108