**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ZORAIDA GONZALEZ-MORALES,**<br><br>   Plaintiff,<br><br>      v.<br><br>**PRESBYTERIAN COMMUNITY HOSPITAL, INC., ET AL.,**<br><br>   Defendants. | CIV. NO. 13-1906 (PG) |

## OPINION AND ORDER

Pending before the court is co-defendant Sindicato de Aseguradores para la Suscripcion Conjunta de Seguro de Responsabilidad Profesional Medico-Hospitalaria's (SIMED) motion to dismiss (Docket No. 117). For the reasons set forth below, the court **DENIES** the co-defendant's motion.

## I. BACKGROUND

On December 11, 2013, plaintiff Zoraida Gonzalez Morales (hereinafter referred to as "Plaintiff" or "Gonzalez") filed the above-captioned claim against defendants Presbyterian Community Hospital, Inc. ("PCH" or "the Hospital"); Dr. Raul Vale-Flores, his wife and the conjugal partnership constituted between them; Dr. Lope M. Gomez-Homrazabal, his wife and the conjugal partnership constituted between them; Dr. Jose Dueño-Quiñones, his wife and the conjugal partnership constituted between them and Dr. Rosangel Santiago-Perez, his wife and the conjugal partnership constituted between them for the failure to screen, treat and stabilize Plaintiff in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. The complaint includes a supplemental cause of action for medical malpractice pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141 ("Article 1802").

In essence, Plaintiff alleged that on December 15, 2011, she was taken to the Hospital's emergency room presenting symptoms of swelling and redness of the left arm, a recent insect bite to the left hand, and severe right hip pain. See Docket No. 3. Despite being discharged, she returned to the Hospital a day later, on December 17, 2011, with symptoms of severe right hip pain, epigastric pain and diarrhea. The Hospital doctor once again discharged her without admitting her. On December 22, 2011, the Plaintiff returned to PCH for

CIV. NO. 13-1906 (PG)                                                    Page 2

a third time complaining of right hip pain and was once again discharged without being admitted.

According to the complaint, the Hospital and its providers failed to provide the adequate medical screening and stabilization for a patient with her condition in violation of EMTALA. It is the Plaintiff's contention that the absence of an adequate medical screening, coupled with her three premature discharges, prevented a timely identification of the critical medical condition she was suffering from, and as a result, she must now endure chronic pain and difficulty walking.

On February 10, 2014, Gonzalez filed an amended complaint, see Docket No. 3, and on July 7, 2014, PCH filed a third party complaint against Global Emergency Services, Inc., a company hired to provide services for PCH's Emergency Department, and its unknown insurance company. see Docket No. 35.

On November 17, 2015, the court granted in part and denied in part PCH's motion to dismiss. See Docket No. 71. While the court determined that the Plaintiff had pleaded a plausible screening claim under EMTALA, her claims regarding PCH's failure to stabilize her did not suffer the same fate and were dismissed. See id. Thereafter, the Plaintiff filed a second amended complaint. See Docket No. 78). PCH answered the complaint but sought to strike some allegations that attempted to revive the Plaintiff's duty-to-stabilize claim under EMTALA. See Docket No. 88. Despite Plaintiff's opposition to the same, the court granted PCH's motion and ordered these allegations to be stricken. See Docket No. 102.

Shortly after filing the amended complaint, on January 20, 2016, the Plaintiff moved to dismiss her claims against the physician co-defendants. See Docket No. 87. The court granted the request, see Docket No. 94, and in turn, the Hospital filed a third party complaint against the physicians, their spouses and conjugal partnerships, as well as SIMED, the physicians' insurer. See Docket No. 97. Then on February 24, 2016, the Plaintiff filed an interlocutory appeal of this court's partial dismissal of her EMTALA claims. See Docket No. 104. Nevertheless, on May 11, 2016, the First Circuit Court of Appeals entered judgment upon its grant of Plaintiff-appellant's motion to voluntarily dismiss appeal. See Docket No. 115.

After the Circuit Court's mandate, SIMED filed the pending motion to dismiss (Docket No. 117), which the Plaintiff opposed (Docket No. 123).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. U.S., 734 F.3d 100, 102 (1st Cir.2013) (quoting FED.R.CIV.P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir.2014) (citing Maloy v. Ballori–Lage, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotation marks omitted). Additionally, courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir.2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011)).

"To cross the plausibility threshold, the plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy, 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 556 U.S. at 678). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives v. Puerto Rico

Firefighters Corps, 743 F.3d 278, 283 (1st Cir.2014) (citing Rodríguez–Reyes v. Molina–Rodríguez, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 681).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664-664. Nevertheless, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As a result, courts should read the complaint "as a whole" and be cautious not to apply the plausibility standard "too mechanically." See Rodriguez-Vives, 743 F.3d at 283 (citing Garcia–Catalan, 734 F.3d at 101, 103).

### III. DISCUSSION

In its motion to dismiss, SIMED argues that the claims against it as the physicians' insurance carrier are time-barred because it was not included as a defendant in either the original complaint or the amended complaints that the Plaintiff filed. See Docket No. 117. According to SIMED, it became a party to this case when the Hospital filed its third party complaint against it on February 11, 2016. By this date, the events that brought about the original complaint had taken place over four years ago. As a result, SIMED contends that the claims against it are time-barred and the third party complaint did not allege that the one-year prescription period was tolled as to SIMED. According to SIMED, Plaintiff's tolling as to its insured physicians had no effect as to SIMED because the obligations of insured and insurer arising from a tort are not bound by solidarity, as that term is understood in Puerto Rico law.

The Hospital opposed SIMED's request for dismissal arguing that pursuant to the provisions of the Puerto Rico Insurance Code, a claim may be brought against the insured, the insurer or both. See Docket No. 123. Therefore, seeing as the Plaintiff timely filed her complaint against the insured physicians, the claims against SIMED are not time-barred.

SIMED's argument is mainly grounded on the Puerto Rico Supreme Court ("PRSC") decision in Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 P.R. Dec. 365 (2012), in which the PRSC "overruled its previous decision in Arroyo v.

CIV. NO. 13-1906 (PG)                                                    Page 5

Hospital La Concepcion, 130 D.P.R. 596 (1992), and held that the interruption of the statute of limitations against a tortfeasor does not toll the statute of limitations against other potential tortfeasors in cases of 'imperfect solidarity' such as tort actions."[1] Rodriguez v. Grupo Hima-San Pablo, No. CV 15-1278 (SEC), 2016 WL 5678135, at *1 (D.P.R. Sept. 30, 2016). The court notes that the question SIMED presents is not one of first impression to this district, albeit under different sets of facts. We will thus review the conclusions other judges of this district have previously reached when presented with a legal question that have forced them to consider the PRSC's holding in Fraguada. The discussion of the relevant caselaw will progress from the oldest to the most recent.

In Kenyon v. Gonzalez-Del Rio, 115 F. Supp. 3d 268 (D.P.R. 2015), the plaintiffs brought a medical malpractice action against some doctors, their conjugal partnerships and spouses, the hospital and SIMED. Some defendants moved for summary judgment of the claims against them. In denying said motion, the court pointed out that perfect solidarity exists between a physician and a hospital, where the former is an employee of the latter or "when a patient seeks treatment directly from a hospital and the hospital provides the physician who provides the treatment." Id. at 270 (citing Ramirez-Ortiz v. Corporacion Del Centro Cardiovascular De P.R. y Del Caribe, 994 F.Supp.2d 218, 224-225 (D.P.R. 2014)). The Kenyon plaintiffs alleged that because the physician was an employee of the hospital, perfect solidarity existed between both the physician and the hospital. It was plaintiffs' contention there that their claims were not time-barred because they were timely tolled by a

---

[1] After Fraguada, this court explained the concept of "perfect solidarity," as follows:

> In 2012, the Puerto Rico Supreme Court has adopted a bifurcated system of solidarity, however, differentiating between "imperfect" and "perfect" solidarity. See Fraguada Bonilla v. Hosp. Auxilio Mutuo, 186 P.R. Dec. 365, 2012 WL 3655336 (Aug. 13, 2012). Relevant here, "perfect" solidarity occurs when several people are joined by a common interest and have frequent relations or know each other. Ramirez-Ortiz v. Corporacion Del Centro Cardiovascular De P.R. y Del Caribe, 994 F.Supp.2d 218, 223 (D.P.R.2014) (Besosa, J.). … When perfect solidarity exists, "interruptive acts do not operate individually and prescription with regard to one of the defendants does indeed reach the other." Id.

Kenyon v. Gonzalez-Del Rio, 115 F. Supp. 3d 268, 270 (D.P.R. 2015). On the other hand, the PRSC in Fraguada held that "in actions for extracontractual damages [involving imperfect solidarity], the injured party must individually interrupt the prescriptive term with regard to each joint and several co-causer, … and timely filing of a complaint against a supposed co-tortfeasor does not toll the statute of limitations against the rest of the alleged co-tortfeasors." Ramirez-Ortiz, 994 F. Supp. 2d at 223 (quotation marks omitted)(citing Fraguada, 186 P.R. Dec. 365 (2012)).

previous claim against the hospital, a perfectly jointly liable party. Because the court found a genuine dispute of material fact existed as to whether the physician was indeed an employee of the hospital, the underlying controversy stemming from the Fraguada decision was not adjudged.

In Arroyo-Torres v. Gonzalez-Mendez, No. CV 14-1448 (SEC), 2016 WL 781981 (D.P.R. Feb. 26, 2016), this court faced a similar dilemma to the question now before us. There, the plaintiffs filed a medical malpractice suit against a physician and the nursing facility that were allegedly responsible for the death of the plaintiffs' mother. Before filing suit, the plaintiffs had sent an extrajudicial claim in the form of a letter to those two defendants. However, the original complaint did not name any insurance company under a fictitious name. The plaintiffs eventually dropped their claims against the original defendants and amended the complaint adding SIMED, the nursing facility's insurer, as the new defendant. SIMED then filed a motion for summary judgment seeking the dismissal of the claims against it arguing, like here, that they were time-barred pursuant to Fraguada. The court noted that the issue boiled down to whether plaintiffs' extrajudicial claim tolled the statute of limitations against the insurer, where plaintiffs sent their claim letter only to the insured. In its analysis, the court questioned whether SIMED should be treated as a joint tortfeasor for purposes of determining whether the extrajudicial claim brought against its insured would have tolled the statute of limitations against SIMED. The court concluded that an insurer cannot be considered a joint tortfeasor because an insurance company does not participate in the tortious conduct that gives rise to the claim. Id. at *2. Accordingly, the court found Fraguada was inapposite to the controversy at hand because the case's holding only concerns tortfeasors, which the insurance company is not. Instead, the court found that the contractual nature of the legal relationship between the insurer and the insured altered the statute of limitations analysis.

The court then shifted its focus to the content of the Puerto Rico Insurance Code for answers and found that, pursuant to the same, a claimant has several options at his/her disposal in his/her quest for relief: (a) a claimant may file a direct action against the insurer only or against the insurer and the insured jointly, see P.R. LAWS ANN., tit. 26, § 2003(1), or (b) a claimant that brings an action against the insured alone may maintain an action against and recover from the insurer after securing final judgment against the insured, id. at § 2003(3) (emphasis ours). Seeing as a claimant

CIV. NO. 13-1906 (PG)                                                    Page 7

may file suit against the insurer of an insured defendant after securing a judgment against the latter, the court found that a plaintiff's claim against the insured had tolled the statute of limitations on the direct action against the insurance company. As a result, the court denied SIMED's motion for summary judgment. See Arroyo-Torres, 2016 WL 781981 at *4-5.[2]

Almost a month after Arroyo-Torres, in Morales Figueroa v. Valdes, No. CV 15-1365 (DRD), 2016 WL 1171512 (D.P.R. Mar. 24, 2016), the plaintiff filed a personal injury damages claim against an insurance company that moved to dismiss them on account that the statute of limitations was only tolled as to its insured. Hence, the insurer claimed that the claims against it were time barred pursuant to Fraquada. The court noted that only a finding of perfect solidarity between the insurance company and the insured would defeat the former's motion to dismiss. See id. at *6. The court, however, avoided the legal question pointing to the fact that "tort solidarity should clearly arise from the insurance contract," id. at *7, and the terms of the agreement dictate the nature of the insurer-insured relationship. The court then denied the motion without prejudice until the moving party evinced that the insurance contract *did not* include a solidarity clause.[3]

Shortly thereafter, a fellow judge of this District had opportunity to discuss whether or not the joint liability of an insurance company and its insured was perfect or imperfect, and thus, whether a claim against one tolled the statute of limitations as to the other. In Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc., No. CV 3:12-01862 (JAF), 2016 WL 1642627 (D.P.R. Apr. 25, 2016), the court denied a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) finding the defendants jointly liable for plaintiffs' injuries. Two of the defendants in the case were an insurance company and its insured. The plaintiffs in this case had sued the insurance company within the limitations period, but the defendants argued that the insured was not timely sued. In its discussion of the applicable caselaw, the court stated that pursuant to the new controlling precedent set forth in

---

[2] Although SIMED appealed this order, the appeal was voluntarily dismissed on December 19, 2016. See Dockets No. 73-74, Civil Case No. 14-1448(SEC).

[3] The court dismissed the plaintiff's argument by declining to automatically follow the holding in Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1 (1st Cir. 1998), whereby the First Circuit Court of Appeal concluded "that an insured defendant is solidarily liable with its liability insurance company. Thus, the timely interruption of prescription as to [the insurer] had a like effect as to its insured … ," id. at 10. See Morales Figueroa, 2016 WL 1171512 at *7.

CIV. NO. 13-1906 (PG)                                                    Page 8

Fraguada, the timely filing of a complaint against an alleged joint tortfeasor does not toll the statute of limitations against the rest of the alleged joint tortfeasors, unless they share a **perfect** - as opposed to an imperfect - joint obligation. See Rivera-Carrasquillo, 2016 WL 1642627 at *5 (citations omitted). The court noted that "[t]he final qualification is important. Fraguada Bonilla overruled prior case law only insofar as it applied to 'obligations *in solidum*,' or imperfect joint liabilities, which occur only 'between persons who do not know each other, who are merely incidental co-debtors or [whose] interactions are sporadic.'" Id. at *5 (citing Fraguada, 186 P.R. Dec. at 380, 389 & n.14). The court then concluded that an insurance company and its insured were in perfect solidarity over liabilities covered by the insurance contract "[s]ince the joint obligation undertaken by these parties was created by contract and operates pursuant to a statutory regime." Rivera-Carrasquillo, 2016 WL 1642627, at *6. Finding support in Tokyo Marine,[4] the court thus found that the application of Fraguada to the facts of the case would not render the claims against the insured as untimely. Id.

   If persuaded by this most recent case, the undersigned would deny SIMED's motion to dismiss on the merits without requesting that it attach a copy of the insurance contract in a subsequent motion to dismiss to evince that no perfect solidarity exists. In addition, the Hospital's opposition bolsters our inclination. The Hospital argued in its response that a recent case from the Puerto Rico Court of Appeals held that "the inclusion of an insurance carrier is not subject to the usual statute of limitations rules, and filing against the insured would also toll the claim against the insurer … ." Docket No. 123 at pages 4-5. The case held as follows:

> [B]ecause the insurer is not deemed to be partly responsible for causing the damages, the inclusion of the insurance company is not ordinarily governed by the rules for tolling the statute of limitations in cases of that nature (parties that share the responsibility for causing the damages). Such inclusion is instead governed by the provisions of the Insurance Code and by the policy and coverage contractually agreed upon between the insurance

Burgos v. Centro Imagenes Manati, PSC., No. CDP2013-0081, 2015 WL 5920758 at *6 (T.C.A. July 23, 2015); See Certified Translation, Docket No. 126-1. The

---

[4] The court relied on the First Circuit's ruling in Tokyo Marine as grounds for the premise that "under Puerto Rico law, 'insured defendants and their insurance companies are solidarily liable for the acts of the insured.'" Rivera-Carrasquillo, 2016 WL 1642627, at *6 (citing Tokyo Marine, 142 F.3d at 7).

CIV. NO. 13-1906 (PG)                                                    Page 9

Puerto Rico court of appeals further stated that "[i]t is also clear that the toll[ing] of the statute of limitations affecting the insured is equally applicable to the insured's insurance company with whom she is contractually bound and through which both an identity or community of interest is established between the two." Id. at *7; Certified Translation, Docket No. 126-1.

In view of this case, the Hospital argues that the present facts are distinguishable from those in Fraguada. Firstly, the Hospital points out that SIMED is not a joint tortfeasor of the damages the Plaintiff alleges, but instead, the insurance carrier of some of the alleged joint tortfeasors, namely, the physicians. Therefore, the PRSC's holding in Fraguada is inapplicable to the circumstances at hand. Second, the Hospital claims that the Plaintiff timely interrupted the statute of limitations against the doctors insured by SIMED. Pursuant to the Insurance Code and Burgos, thus, this tolling is equally applicable to SIMED as the insurance carrier of the physicians that were sued up to the amount of the insurance contract.

The court agrees with the Hospital's position, which SIMED has failed to rebut in a reply brief. Persuaded by the Hospital's arguments, as well as this court's previous holdings in Arroyo-Torres and Rivera-Carrasquillo, the undersigned hereby **DENIES** third party defendant SIMED's request for dismissal.

## IV. CONCLUSION

For the reasons stated above, this court hereby **DENIES** SIMED's motion to dismiss (Docket No. 117).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 18, 2017.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE